UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA
SAVANNAH DIVISION

| | |
|---|---|
| TREMEL JENKINS, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) CV423-285 |
| | ) |
| BIJAN ABBASSI, | ) |
| | ) |
| Defendant. | ) |

# ORDER

The Court previously screened *pro se* plaintiff Tremel Jenkins' Complaint, noted significant defects in that pleading, and directed him to file an Amended Complaint. *See generally* doc. 14. He has complied. *See* doc. 17. The Court, therefore, proceeds to screen his Amended Complaint. Since, as discussed below, the Amended Complaint fails to state any claim upon which relief can be granted, it is **DISMISSED**. *See* 28 U.S.C. § 1915A(b)(1).

The Court applies Federal Rule of Civil Procedure 12(b)(6) standards in screening a complaint pursuant to § 1915A, *Leal v. Ga. Dep't of Corr.*, 254 F.3d 1276, 1278-79 (11th Cir. 2001), so allegations in the Complaint are taken as true and construed in the light most favorable to

the plaintiff. *Bumpus v. Watts*, 448 F. App'x 3, 4 n.1 (11th Cir. 2011). Conclusory allegations, however, fail. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (discussing a Rule 12(b)(6) dismissal). Because Plaintiff is proceeding *pro se*, his pleadings are held to a less stringent standard than pleadings drafted by attorneys and are liberally construed. *See Bingham v. Thomas*, 654 F.3d 1171, 1175 (11th Cir. 2011).

Jenkins' Amended Complaint is almost entirely devoid of factual allegations. *See* doc. 17 at 3-5. He asserts that the case involves alleged violations of his Fourth Amendment rights. *See id.* at 3. Other than that conclusory assertion, he only identifies the location where the alleged violation took place, an address in Savannah, Georgia, *id.* at 4, and the date and time when the violation allegedly occurred, 4:30 a.m. on February 24, 2023, *id.* at 5. He then states that he seeks dismissal of what the Court infers is a pending state criminal case, "speedier release," and "reinburstment [sic] for everything I lost due to this case in which is an estimate of 10,500." *Id.* at 5.

Jenkins' asserted Fourth Amendment claim is completely obscure. The absence of any factual allegations beyond the location, date, and time of the alleged violation is obviously insufficient to state a claim. As the

Supreme Court has explained, "a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Iqbal*, 556 U.S. at 678 (internal quotation marks and citation omitted). To be "plausible," a claim must include "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citation omitted). The standard "is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* (internal quotation marks and citation omitted). Jenkins' allegations do not even mention Defendant Abassi, much less permit the "reasonable inference that [he] is liable" for violating Jenkins' Fourth Amendment rights.[1] Jenkins' Fourth Amendment claim, therefore, fails.

As the Court previously explained, requests for immediate or speedier release from confinement are improper in a § 1983 proceeding.

---

[1] When the Court directed Jenkins to amend his Complaint, it advised him that he could not rely on its allegations unless they were specifically repleaded. *See* doc. 14 at 7-8 (citing *Varnes v. Local 91, Glass Bottle Blowers Ass'n of U.S. & Canada*, 674 F.2d 1365, 1370 n. 6 (11th Cir. 1982). The Court has, therefore, not considered those allegations in evaluating the sufficiency of Jenkins' claim. However, even if it did, those allegations do not plausibly allege any Fourth Amendment violation. The original Complaint alleges that "police" knocked on Jenkins' door at approximately 4:00 a.m. on February 24, 2023. *See* doc. 1 at 4. It is not clear that Defendant Abbassi was even present during those events. *See id.* Jenkins' allegation that Abbassi was a "witness," perhaps in support of a warrant application, potentially implicates a Fourth Amendment claim. *See, e.g., Land v. Sheriff of Jackson Cnty., Fla.*, ___ F.4th

*See* doc. 14 at 3-4. "[A] prisoner in state custody cannot use a § 1983 action to challenge the fact or duration of his confinement. . . . He must seek federal habeas corpus relief (or appropriate state relief) instead." *Wilkinson v. Dotson*, 544 U.S. 74, 78 (2005) (quotes and cites omitted); *Heck v. Humphrey*, 512 U.S. 477, 481 (1994) ("[H]abeas corpus is the exclusive remedy for a state prisoner who challenges the fact or duration of his confinement and seeks immediate or speedier release, even though such a claim may come within the literal terms of § 1983."). And before he can bring a federal habeas action, he must first exhaust his available state remedies through either a direct appeal or another petition for state collateral relief. *Wilkinson*, 544 U.S. at 79 (federal "habeas corpus

---

___, 2023 WL 7138510, at *3 (11th Cir. Oct. 31, 2023). However, "[m]alicious prosecution—*not* false arrest—provides the tort analog for [a plaintiff's] claim that [a defendant] violated his Fourth Amendment right by arresting him *pursuant to a warrant* based on a probable-cause affidavit containing misrepresentations." *Id.* (citing *Thompson v. Clark*, 596 U.S. 36 (2022)). As the Court previously explained, a malicious prosecution claim does not arise until a criminal proceeding has terminated in favor of the malicious prosecution plaintiff. *See* doc. 14 at 5-6. Thus, even if the Court considered the allegations in Jenkins' original Complaint in evaluating the amendment, he fails to state any Fourth Amendment claim upon which relief can be granted.

4

actions require a petitioner fully to exhaust state remedies, which § 1983 does not"); 28 U.S.C. §§ 2254(b), (c).

Jenkins' request for the Court to intervene in his state prosecution by "dismissing" that case is also, as previously explained, improper. *See* doc. 14 at 6-7. To the extent that he asks this Court to weigh in on the propriety of ongoing state proceedings against him, any ruling by this Court could substantially interfere with the results reached in the state court proceeding. *See 31 Foster Children v. Bush*, 329 F.3d 1255, 1276 (11th Cir. 2003) (noting the importance of "whether the federal proceeding will interfere with an ongoing state court proceeding" in determining whether abstention is appropriate). Pursuant to *Younger v. Harris*, 401 U.S. 37, 53 (1971), federal courts must abstain from hearing claims that would interfere with pending state criminal proceedings, provided that the party seeking federal relief has an adequate remedy at law and has not shown that he will suffer irreparable injury. Plaintiff, obviously, remains free to allege constitutional and procedural violations in his state criminal proceedings. He thus cannot demonstrate the lack of an adequate remedy at law nor irreparable injury. *Younger*, 401 U.S. at 46 ("Certain types of injury, in particular, the cost, anxiety, and

5

inconvenience of having to defend against a single criminal prosecution, could not by themselves be considered 'irreparable' in the special legal sense of that term."). Thus, any such arguments are for the state court. *See also Heck*, 512 U.S. at 487 n. 8 ("[I]f a state criminal defendant brings a federal civil-rights lawsuit during the pendency of his criminal trial, appeal, or state habeas action, abstention may be an appropriate response to the parallel state-court proceedings.").

Since Jenkins' Amended Complaint fails to state any claim upon which relief can be granted, or the Court must abstain from considering them under *Younger*, it is **DISMISSED**. Doc. 17. The Clerk is **DIRECTED** to **CLOSE** this case.

**SO ORDERED**, this 8th day of November, 2023.

_____
CHRISTOPHER L. RAY
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA